IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON  DIVISION

JONAS MATHIS,                              :
                                           :
              Plaintiff                    :
                                           :
      VS.                                  :        CIVIL ACTION NO.: 5:08-CV-113 (HL)
                                           :
Judge JOHN LEE PARROTT                     :
                                           :
              Defendant                    :        **ORDER**

_____

      Petitioner **JONAS MATHIS**, an inmate at Dooly State Prison in Unadilla, has filed a *pro*

*se* "Notice of Removal Pursuant to 28 U.S.C. § 1446(a)."  For the reasons discussed below, this

action is **DISMISSED**.

## I.  IN FORMA PAUPERIS

      Petitioner has not paid the $350.00 filing fee nor has he sought leave to proceed without

prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Because

petitioner  has not submitted any money, the Court will assume he wishes to proceed *in forma*

*pauperis* and, solely for the purpose of this dismissal, the Court will allow him to proceed without

paying an initial partial filing fee.

## II.  STANDARD OF REVIEW

      Pursuant to 28 U.S.C. § 1915A,  a federal court is required to dismiss a prisoner's complaint

against a governmental entity or officer or employee of a governmental entity at any time if the court

determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim

is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S.

319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

### III.  ANALYSIS OF PLAINTIFF'S NOTICE OF REMOVAL

On October 30, 2007, petitioner filed a Writ of Mandamus against Judge John Lee Parrott in the Putnam County Superior Court.  Based on petitioner's submissions, it appears that Judge Parrott has filed an answer in this action, along with a motion to dismiss the action, and petitioner has responded to this motion to dismiss.  Petitioner now seeks to remove the action to this Court under the authority of 28 U.S.C. § 1446.

Pursuant to 28 U.S.C. § 1446, "[a] **defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." (emphasis added).  Contrary to petitioner's assertions, there is no provision for a plaintiff or a petitioner to remove an action to the federal courts.[1]

Moreover, this Court is without authority to grant the relief that petitioner seeks.  Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to plaintiff."  28 U.S.C. § 1361.  Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. *See Ferguson v. Alabama Crim. Justice Info. Ctr*., 962 F. Supp. 1446 (M. D. Ala. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Auth*., 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.).

---

[1]Petitioner also mentions 28 U.S.C. § 1443.  However, this statute also provides for removal only by a defendant.

For these reasons, petitioner's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 8th day of April, 2008.


_s/　Hugh Lawson_
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb